John C. WIMS, Petitioner–Appellant,

v.

**UNITED STATES of America,
Respondent–Appellee.**

**No. 99–2210.**

United States Court of Appeals,
Second Circuit.

Argued: Sept. 7, 2000

Decided: Sept. 14, 2000

---

Howard D. Simmons, New York, NY, for Petitioner–Appellant.

William J. Hochul, Assistant United States Attorney, for Denise E. O'Donnell, United States Attorney, Western District of New York, Buffalo, NY, for Respondent–Appellee.

Before: MESKILL, CALABRESI, and KATZMANN, Circuit Judges.

CALABRESI, Circuit Judge:

This appeal presents a question concerning the proper application of the one-year statute of limitations governing federal habeas corpus relief pursuant to 28 U.S.C. § 2255. We hold that § 2255(4) establishes the date on which the limitations period begins to run; that date is determined by when "the facts supporting the claim or claims presented *could have* been discovered through the exercise of due diligence." *Id.* (emphasis added). This is so, moreover, regardless of whether petitioner actually discovers the relevant facts at a later date. Because, instead, the United States District Court for the Western District of New York (Larimer, *Chief Judge*) erroneously decided this case on the basis of whether appellant failed, through lack of due diligence, to discover the relevant facts until more than a year after his conviction became final, we vacate its decision dismissing the instant petition as time barred.

## Background

Appellant John C. Wims pled guilty on January 9, 1997 to charges of drug conspiracy and cocaine distribution. On September 11, 1997, the district court sentenced him to 108 months in prison. That same day, Wims and his attorney discussed the merits of appealing the district court's sentencing determination. Wims told his attorney that a reduction in his sentence was "worth purs[u]ing" and, accordingly, he believed that an appeal would be filed. In fact, no appeal was filed and so Wims' conviction became final on September 22, 1997, the day after his time to appeal expired. *See* Fed. R.App. P. 4(b).

Having received no information concerning the progress of his appeal, Wims, on January 18, 1999, requested that the district court send him a copy of the docket sheet in his case. After inspection of the docket sheet revealed that no appeal had been taken, Wims, acting *pro se,* filed a petition for habeas relief pursuant to 28 U.S.C. § 2255, *see Galtieri v. United States,* 128 F.3d 33, 36 (2d Cir.1997) (discussing terminology applicable to § 2255 proceedings), in which he claims that his attorney's failure to appeal constituted ineffective assistance of counsel. *See generally Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (setting out the standard governing claims of ineffective assistance of counsel arising out of failure to file a timely notice of appeal). The district court deemed the petition to have been filed on February 24, 1999.[1]

Acting pursuant to Rule 4(b) of the Rules Governing Section 2255 Cases in the United States District Courts (the "Section

---

1. The petition is dated February 11, 1999. The district court did not state the basis for its determination of the filing date, and we have no occasion at this juncture to consider whether appellant is entitled to a filing date based on the date of mailing from prison, rather than the date of receipt by the district court. *Cf. Nelson v. Walker,* 121 F.3d 828,

832 n. 2 (2d Cir.1997) ("A *pro se* habeas petitioner is deemed to have filed his notice of appeal 'at the time petitioner delivered it to the prison authorities for forwarding to the court clerk.'") (quoting *Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988)).

2255 Rules"), the district court dismissed the petition as untimely. The court noted that the petition was filed approximately seventeen months after the conviction became final and that, accordingly, it was time barred unless either (1) petitioner's time to seek habeas relief began to run later than when his conviction became final, or (2) there was a basis for tolling the running of the statute of limitations.

The court raised the possibility that § 2255(4) started the limitations period after September 22, 1997 [2], but then concluded that petitioner's explanation for his delay in filing—his belief that the appeal was underway—failed "to provide a basis for the Court to extend the limitations period beyond the one year." The court noted that petitioner could have inquired as to the status of his appeal at any time after September 22, 1997 and held that "[a] sixteen-month delay in making the inquiry hardly shows that petitioner has exercised due diligence." The court also considered and rejected the possibility that expiration of the statute of limitations should be equitably tolled on account of extraordinary circumstances.[3]

We granted appellant's motion for a certificate of appealability and appointed counsel; this appeal followed.

### Discussion

 The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") had among its goals "to prevent undue delays in federal habeas review." *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.2000) (per curiam). To this end it imposed a one-year statute of limitations, whereas previously habeas relief from a federal conviction could be sought "at any time." *See Mickens v. United States*, 148 F.3d 145, 146 (2d Cir.1998). Nothing in the statute, however, requires a petitioner to seek habeas relief *sooner* than one year after the limitations period has begun to run. Nor is a petitioner required to show that he diligently pursued his claim during that period so long as he files his petition before it ends. *Cf. Smith*, 208 F.3d at 17 (holding that when a petitioner seeks equitable tolling of the limitations period, he "must have acted with reasonable diligence throughout the period he seeks to toll"). Here, appellant's petition was timely filed if his claim for habeas relief accrued no earlier than one year prior to the date of filing (which for the purposes of this opinion we assume was February 24, 1999, *see Mickens*, 148 F.3d at 148 (noting that the limitations period expires on the anniversary date of its start)).

Section 2255(4) establishes the date on which the limitations period begins to run, and provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
>
> \* \* \*
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Accordingly, if the "date on which the facts supporting [Wims' ineffective assistance claim] could have been discovered through the exercise of due diligence" was no earlier than February 24, 1998, appellant's § 2255 petition was timely filed.

The district court instead treated § 2255(4) as if it were a basis for "extend[ing] the limitations period" beyond September 22, 1998, that is, beyond one year after Wims' conviction became final. In other words, the district court interpreted the section as if it provided a ground for tolling of the limitations period,

---

2. That sub-section provides that the one-year limitation period runs from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

3. We see no reason to doubt the correctness of the court's conclusion with regard to equitable tolling, but for the reasons given below, it does not control the outcome of this case.

rather than as defining the time when the limitations period began. In áccord with its approach, the court examined petitioner's conduct for diligence after September 22, 1998. This was error.

■ Section 2255(4) is not a tolling provision that extends the length of the available filing time by excluding certain periods that post-date the start of the limitations clock from the calculation of how much time has run. Rather, it resets the limitations period's beginning date, moving it from the time when the conviction became final, *see* § 2255(1), to the later date on which the particular claim accrued. *See Smith,* 208 F.3d at 15 (distinguishing tolling provisions from those that restart the limitations period). It was, therefore, incorrect to ask, for § 2255(4) purposes, whether appellant's entire sixteen-month delay comported with due diligence and to conclude, as the district court did, that because this lengthy a delay was undue, appellant derived no benefit from § 2255(4). In effect, the district court's approach deprived petitioner of the one year during which, under the AEDPA, he was entitled to rest on his claim.

■ The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered that no appeal had been filed.[4] After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.[5]

In so holding, we agree with the approach taken by the Tenth Circuit to the

parallel provisions governing habeas relief from state convictions pursuant to 28 U.S.C. § 2254. In *Easterwood v. Champion,* 213 F.3d 1321 (10th Cir.2000), the court of appeals reversed the district court's dismissal of the petition as untimely. The *Easterwood* court reasoned that, under the "due diligence" standard, a prisoner was charged with knowledge of facts contained in published legal opinions (and, accordingly, the limitations period began to run) on the date those opinions became available in the prison library, not on the earlier date on which they were issued. *See id.* at 1323 (construing § 2244(d)(1)(D)). In *Easterwood* the petitioner did not actually discover the relevant opinion until substantially after it arrived in the prison library, but the petition was deemed timely because the one-year limitations period had not yet expired at the time petitioner ultimately did file. *See id.* at 1324.

■ Turning to the facts of this case, due diligence plainly did not require Wims to check up on his counsel's pursuit of an appeal on September 22, 1997, the very day on which Wims' conviction became final absent appeal. *See Flores–Ortega,* 120 S.Ct. at 1035 ("[A] defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice."). The statute of limitations, therefore, did not begin to run until sometime after that day. As an appellate court, we cannot say precisely when, in exercising due diligence, Wims would have discovered his counsel's failure to appeal. This is so because the date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of Wims' post-sentence conversation with his lawyer and on the condi-

---

4. The mere fact that, as the district court noted, it was possible for appellant to ascertain the status of his appeal as early as September 22, 1997 is not dispositive. The statute does not require the maximum feasible diligence, only "due," or reasonable, diligence. *Cf. Armstrong v. McAlpin,* 699 F.2d 79, 88–89 (2d Cir.1983) (requiring "reason-

able" or "ordinary" diligence in the discovery of fraud for statute of limitations purposes).

5. We need not decide the question of how to apply § 2255(4) when a petitioner's actual discovery of the relevant facts precedes the date on which these would have been discovered through the exercise of due diligence.

tions of his confinement in the period after September 22, 1997. *See Easterwood,* 213 F.3d at 1323 (noting that evaluation of due diligence may not "ignore[ ] the reality of the prison system"). Although these questions are appropriately answered by the district court, we can, however, say that the five-month delay between September 1997 and February 1998—one year before Wims sought habeas relief—is not so clearly unreasonable that it plainly appears from the face of appellant's petition and supporting papers that he is barred from habeas relief. *See* Section 2255 Rule 4(b). Accordingly, the district court's dismissal of appellant's petition cannot stand.

### Conclusion

For the foregoing reasons, we VACATE the judgment of the district court and REMAND for further proceedings consistent with this opinion.