**UNITED STATES of America,**
**Appellee,**

**v.**

**Louis MALPESO, Anthony Liberatore, Liberatore Christopher, Joseph Amato, Defendants,**

**Robert L. GALLAGHER, Defendant–Appellant.**

**No. 00–1784.**

United States Court of Appeals,
Second Circuit.

Aug. 13, 2001.

John Kroger, Assistant United States Attorney, Brooklyn, NY; Loretta E. Lynch, United States Attorney for the Eastern District of New York, Patricia E. Notopolous, Jo Ann M. Navickas, Assistant United States Attorneys, on the brief, for appellee. Malvina Nathanson, New York, NY, for appellant.

Present MINER, JACOBS, and POOLER, Circuit Judges.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment be AFFIRMED.

Defendant-appellant Robert Gallagher appeals from an order entered in the United States District Court for the Eastern District of New York (Block, J.) (i) denying his motion under Fed.R.Crim.P. 33 for a new trial based on newly discovered evidence and (ii) dismissing as untimely his petition (under 28 U.S.C. § 2241 and, in the alternative, 28 U.S.C. § 2255) for a writ of habeas corpus on the ground of ineffective assistance of counsel. Gallagher was convicted by a jury on four counts of committing violent crimes for the purpose of maintaining or increasing position in a criminal enterprise, in violation of 18 U.S.C. § 1959, and two weapons charges, in violation of 18 U.S.C. § 924(c)(1). The charges arose out of Gallagher's alleged involvement with one of the warring factions of the Colombo Organized Crime Family. We affirm the district court's denial of Gallagher's motion for a new trial. We further agree that Gallagher's petition for habeas relief, which we construe as a motion to vacate his conviction under 28 U.S.C. § 2255, was untimely, and affirm its dismissal.

1. *Motion for New Trial*

The district court did not abuse its discretion in refusing to grant Gallagher a new trial. The alleged new evidence presented by Gallagher consisted primarily of affidavits of Thomas McLaughlin—the intended victim of one of the charged crimes of violence, a shooting, which formed the basis for one of the weapons counts—and Sarah Palazzolo, Gallagher's former girlfriend. McLaughlin's affidavit stated that he clearly saw the man who shot at him, as well as the three other individuals accompanying the man, and that he did not recognize any of them as being Gallagher. McLaughlin—a member of the Colombo Family faction warring with Gallagher's faction—refused to testify at Gallagher's trial because he had pending racketeering charges against him at the time and feared incriminating himself. An affidavit of one of Gallagher's trial attorneys, Jeffrey Lichtman, established that the defense was aware of the substance of McLaughlin's affidavit at the time of trial because Lichtman had interviewed McLaughlin as part of the trial team's pretrial investigation. Palazzolo stated in her affidavit that Gallagher could not have committed one of the charged crimes on the date alleged (June 4, 1992) because she had several phone conversations with him that day and was with him the night of June 4 through June 5.

It was not an abuse of discretion for the district court to deny Gallagher a new trial based on this evidence. *See United States v.. Ferguson*, 246 F.3d 129, 133 (2d Cir.2001) (reviewing district court's denial of a motion for a new trial under Fed.R.Civ.P. 33 for abuse of discretion).

The substance of McLaughlin's proposed testimony was known to the defense at the time of trial; no effort was made to alert the district court of this fact or secure the testimony notwithstanding McLaughlin's fear of self-incrimination. *See United States v. Siddiqi*, 959 F.2d 1167, 1173 (2d Cir.1992) (noting new trial under Fed.R.Crim.P. 33 based on newly discovered evidence is warranted if the evidence "could not have been discovered, exercising due diligence, before or during trial"). There is a difference between evidence that is newly discovered and evidence that was previously known but has become newly available. *See United States v. Jacobs*, 475 F.2d 270, 286 n. 33 (2d Cir.1973) ("[A] court must exercise

great caution in considering evidence to be 'newly discovered' when it existed all along and was unavailable only because a co-defendant, since convicted, had availed himself of his privilege not to testify."). Similarly, the identity of Palazzolo, a former girlfriend, was known to Gallagher prior to trial and an individual exercising due diligence would have spoken to close friends or girlfriends at the time of a charged crime to determine whether an alibi defense was available.

Gallagher has also failed to demonstrate that the testimony of either McLaughlin or Palazzolo would have changed the outcome. *See United States v. Sasso*, 59 F.3d 341, 350 (2d Cir.1995) (new trial based on newly discovered evidence "should be granted only if the evidence is material to the verdict ... and is not cumulative"); *United States v. Gordils*, 982 F.2d 64, 72 (2d Cir .1992) (new trial should be granted only under "the most extraordinary circumstances" where the newly discovered evidence "would probably lead to acquittal"); *Siddiqi*, 959 F.2d at 1173 (evidence must be "so material and non-cumulative that its admission would probably lead to an acquittal" (internal quotation marks and citation omitted)). Nothing in the testimony of McLaughlin or Palazzolo is directly incompatible with the prosecution's evidence implicating Gallagher in the charged shooting. The Government established, and the defense conceded, that McLaughlin would have been heavily cross-examined if he had testified at trial, and the jury would have been faced with a credibility contest. In addition, the information offered by Palazzolo fails to establish an alibi because, even if Palazzolo's affidavit is credited, Gallagher would still have had time enough on June 4, 1992 to commit the alleged crime.

### 2. *Petition for Habeas Relief*

This Court affirmed Gallagher's conviction and sentence on June 3, 1997, *see*

*United States v. Malpeso*, 115 F.3d 155 (2d Cir.1997), and Gallagher filed his petition for habeas relief on October 14, 1999—over two years later—arguing his attorney was ineffective during the plea negotiations stage because he underestimated Gallagher's sentencing exposure at 20 years, leading Gallagher to reject the government's plea offer of 10 years. Gallagher ultimately received 39 years, which was upheld by this Court. *See id.* at 170–71.

The district court construed Gallagher's petition for habeas relief as a petition brought under 28 U.S.C. § 2241 and, in the alternative, 28 U.S.C. § 2255. To the extent Gallagher sought § 2255 relief, his motion was untimely under AEDPA's one-year statute of limitation. *See* 28 U.S.C. § 2255 ("A 1–year period of limitation shall apply to a motion under this section."). In Gallagher's case, the one-year period began to run from the later of "(1) the date on which the judgment of conviction becomes final; ... or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." *Id.*

■ Gallagher argues that the one-year period, which began on the date his conviction became final, should be re-started under 28 U.S.C. § 2255(4) to a date as of early 1999, when he read a summary of this Court's decision finding an attorney ineffective where the attorney "grossly underestimat[ed] [the defendant's] sentencing exposure", *United States v. Gordon*, 156 F.3d 376, 380 (2d Cir.1998). This argument is unavailing. First, Gallagher knew in June 1997, when this Court affirmed his conviction and sentence, that his trial counsel's legal reasoning concerning his sentence exposure was flawed. *See*

*Malpeso,* 115 F.3d at 170–71. Second, the principle that an attorney may be found to be constitutionally ineffective for deficient representation during the plea negotiations stage was well established before this Court's decision in *Gordon. See Boria v. Keane,* 99 F.3d 492, 497 (2d Cir.1996) (attorney's advice at plea negotiations stage constitutionally defective where attorney failed to attempt to persuade defendant to accept a desirable plea offer); *see also Hill v. Lockhart,* 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (claim of ineffective assistance of counsel applies to counsel's performance during plea negotiations).

Assuming that the application of an existing legal rule to a new factual predicate can be a "fact[ ] supporting the claim or claims presented" under 28 U.S.C. § 2255(4), "a duly diligent person in [Gallagher]'s circumstances would have discovered" prior to October 14, 1998 (one year before Gallagher filed his petition) that he had a claim for ineffectiveness based on his attorney's conduct at the plea negotiations. *Wims v. United States,* 225 F.3d 186, 190 (2d Cir.2000). The accrual of a particular claim does not depend on the applicability of a legal principle to a factual predicate identical to petitioner's case. *See id.* (characterizing § 2255(4) as resetting the limitations period "to the later date on which the particular claim accrued").

Gallagher does not invoke 28 U.S.C. § 2241 on this appeal. However, even if such an argument were preserved, § 2241 would be unavailable. "A motion pursuant to § 2241 generally challenges the *execution* of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash,* 245 F.3d 144, 146 (2d Cir.2001) (emphasis added) (citing *Chambers v.*

*United States,* 106 F.3d 472, 474–75 (2d Cir.1997) (articulating instances where a federal prisoner may properly file a § 2241 petition)). "In contrast, § 2255 is generally the proper vehicle for a federal prisoner's challenge to [the imposition of] his conviction and sentence[.]" *Id.* at 146–47. The general rule is that "a federal prisoner must use § 2255 instead of seeking a writ of habeas corpus under § 2241" unless § 2255 provides an " 'inadequate or ineffective [remedy] to test the legality of [a federal prisoner's] detention.' " *Triestman v. United States,* 124 F.3d 361, 373–74 (2d Cir.1997) (quoting 28 U.S.C. § 2255).

Here, Gallagher is challenging his conviction and sentence based on the alleged ineffective assistance of counsel. This is not a claim that itself falls under § 2241, and it cannot be said that serious constitutional questions are raised by the denial of § 2255 review by reason of Gallagher's failure to timely file a § 2255 motion. *See Triestman,* 124 F.3d at 377 (noting that § 2255 may be inadequate or ineffective in circumstances in which "the petitioner cannot, for whatever reason, utilize § 2255, and in which the failure to allow for collateral review would raise serious constitutional questions"); *see also Jiminian,* 245 F.3d at 147–48 (holding Section "2255 is not inadequate or ineffective, such that a federal prisoner may file a § 2241(c)(3) petition, simply because a prisoner cannot meet the AEDPA's gate-keeping requirements, provided that the claim the prisoner seeks to raise was previously available on direct appeal or in a prior § 2255 motion"); *Triestman,* 124 F.3d at 376 (noting that if "habeas corpus is preserved whenever a federal prisoner faces a substantive or procedural barrier to § 2255 relief", Congress' attempts "to place limits on federal collateral review" would be undermined).

Finally, to the extent Gallagher is arguing that the doctrine of equitable tolling should apply, he has failed to demonstrate that "extraordinary circumstances prevented [him] from filing his petition on time" and that he acted with reasonable diligence throughout the period he seeks to toll. *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir.), *cert. denied*, 531 U.S. 840, 121 S.Ct. 104, 148 L.Ed.2d 63 (2000), (citing *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir.1996)).

For the reasons set forth above, the judgment is hereby AFFIRMED.