Alexander OVALLE, Petitioner–Appellant,

v.

UNITED STATES of America, Respondent–Appellee.

No. 02–1270.

United States Court of Appeals, Sixth Circuit.

Oct. 21, 2002.

Before BOGGS, SUHRHEINRICH, and CLAY, Circuit Judges.

Alexander Ovalle, proceeding pro se, appeals a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In February 1994, a jury convicted Ovalle of conspiring to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. A panel of this court reversed his conviction on appeal. *United States v. Ovalle*, 136 F.3d 1092 (6th Cir.1998). Subsequently, on April 14, 1999, Ovalle pleaded guilty to a third superseding indictment charging him with conspiring to distribute marijuana, and he stipulated to a base offense level of 32, applicable to an offense involving 1,000 to 3,000 kilograms of marijuana. On July 13, 1999, the court sentenced Ovalle to 136 months of imprisonment. The judgment was filed on July 15, 1999. Ovalle did not appeal his conviction or sentence.

On June 15, 2001, Ovalle's § 2255 motion was filed. The motion was dated June 10, 2001. He also filed an amended § 2255 motion. Ovalle asserted several grounds for relief, including three arguments that his sentence was illegal in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). With regards to *Apprendi*, Ovalle essentially argued that: 1) the indictment was defective because it did not specify the quantity of drugs; 2) his guilty plea was invalid because the indictment was defective by not specifying the quantity of drugs; and 3) the indictment should be dismissed "as non-jurisdictional" because it did not specify the quantity of drugs. Upon review, the district court granted the government's motion to dismiss the § 2255 motion as untimely. However, the court granted Ovalle a certificate of appealability (COA) as to the following issues: 1) whether the rule announced in *Apprendi* applies retroactively to cases pending on collateral review; and 2) whether the one-year statute of limitations is renewed when the right asserted has been made retroactively applicable by a lower court, but not by the Supreme Court.

Ovalle has filed a timely appeal. On appeal, he maintains that *Apprendi* must be applied retroactively, and that such application would renew the one-year statute of limitations. He also reasserts his arguments that his guilty plea and his conviction are invalid in light of *Apprendi*, and that his conviction is invalid because his indictment was barred by the statute of limitations. Ovalle has filed an application for a COA as to the issues not certified by the district court.

Initially, we deny Ovalle's application for a COA because his § 2255 motion was untimely. Jurists of reason would not debate the correctness of the district court's judgment. *Slack v. McDaniel*, 529 U.S. 473, 482–85, 120 S.Ct. 1595, 146 L.Ed.2d

542 (2000). For this reason, Ovalle may not pursue his claim that his indictment was barred by the statute of limitations because he was not granted a COA as to that issue. *See, e.g., Seymour v. Walker*, 224 F.3d 542, 561 (6th Cir.2000), *cert. denied*, 532 U.S. 989, 121 S.Ct. 1643, 149 L.Ed.2d 502 (2001).

Upon review, we conclude that the district court properly dismissed Ovalle's § 2255 motion as untimely. The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States*, 250 F.3d 1001, 1004–05 (6th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, Ovalle's conviction became final on July 29, 1999, when the time for filing a direct appeal expired. *See Wims v. United States*, 225 F.3d 186, 188 (2d Cir.2000). However, he did not file his § 2255 motion until June 15, 2001, well beyond the one-year time period permitted for filing such a motion.

The district court properly dismissed Ovalle's § 2255 motion as untimely, despite his arguments to the contrary. First, the one-year statute of limitations was not renewed merely because Ovalle asserted certain grounds for relief based upon the ruling in *Apprendi*. Ovalle relies on *Jackson v. United States*, 129 F.Supp.2d 1053 (E.D.Mich.2000), to support his claim that he is entitled to retroactive application of the *Apprendi* decision. However, the *Jackson* decision is not controlling authority in this court. Moreover, *Apprendi* is not applicable in this case because the Supreme Court has not explic-

itly held that its decision is retroactive to cases on collateral review. *In re: Clemmons*, 259 F.3d 489, 492–93 (6th Cir.2001). This court has recently joined other circuits in holding that *Apprendi* is not retroactively applicable to initial § 2255 motions. *See Goode v. United States*, 39 Fed. Appx. 152 (6th Cir.2002) (unpublished opinion); *see also, e.g., McCoy v. United States*, 266 F.3d 1245, 1258 (11th Cir.2001), *cert denied*, —— U.S. ——, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002); *United States v. Moss*, 252 F.3d 993, 997 (8th Cir.2001), *cert. denied*, —— U.S. ——, 122 S.Ct. 848, 151 L.Ed.2d 725 (2002); *United States v. Sanders*, 247 F.3d 139, 146 (4th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 573, 151 L.Ed.2d 445 (2001).

Accordingly, we deny the application for a certificate of appealability and affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.