**Gerald L. MYER, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

No. 02–1248.

United States Court of Appeals, Sixth Circuit.

March 31, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Gerald L. Myer appeals pro se from a district court judgment denying his motion to vacate his sentence filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1999, Myer pleaded guilty to conspiring to distribute and possessing with intent to distribute marijuana, in violation of 21 U.S.C. §§ 841 and 846. On March 16, 2000, the court sentenced him to a total of 120 months of imprisonment. Myer did not file a direct appeal. On November 17, 2000, Myer filed a motion requesting leave to file a delayed appeal, which the district court denied.

Thereafter, Myer submitted a § 2255 motion to vacate his sentence, that was dated April 26, 2001, and was filed on May 1, 2001. Myer argued that: 1) counsel rendered ineffective assistance because he

* The Honorable Richard Mills, United States District Judge for the Central District of Illi-  nois, sitting by designation.

did not file an appeal from Myer's judgment of conviction and sentence; 2) counsel rendered ineffective assistance because he did not object during the plea and sentencing hearings; 3) section 846 is unconstitutional; and 4) his sentence is illegal in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Upon review, the district court denied Myer's § 2255 motion as untimely. However, the district court concluded that reasonable jurists could disagree with the correctness of its procedural ruling. Hence, the court granted Myer a partial certificate of appealability, after the court concluded that Myer may have stated facially valid constitutional violations with respect to his first and fourth claims. On appeal, Myer reasserts his first and fourth claims. However, he does not address the threshold question of whether his § 2255 motion was timely filed.

Upon review, we conclude that the district court properly dismissed Myer's § 2255 motion as untimely. The Antiterrorism and Effective Death Penalty Act contains a one-year statute of limitations period during which a § 2255 motion to vacate sentence must be filed. *See* 28 U.S.C. § 2244(d)(1); *see also Dunlap v. United States,* 250 F.3d 1001, 1004–05 (6th Cir.), *cert. denied,* 534 U.S. 1057, 122 S.Ct. 649, 151 L.Ed.2d 566 (2001). The statute of limitations begins to run from the latest of four circumstances, one of which is the date on which the judgment became final by the conclusion of direct review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, Myer's conviction became final on March 26, 2000, when the time for filing a direct appeal expired. *See Wims v. United States,* 225 F.3d 186, 188 (2d Cir.2000). However, he did not file his § 2255 motion until May 31, 2001, beyond the one-year time period permitted for filing such a motion.

Contrary to Myer's argument, the one-year statute of limitations was not renewed merely because he asserted a ground for relief based upon the ruling in *Apprendi.* This court has now issued a published decision that joins the majority of other circuits in holding that the Supreme Court's holding in *Apprendi* is not retroactively applicable, even to cases on initial collateral review. *See Goode v. United States,* 305 F.3d 378, 382 (6th Cir.), *cert. denied,* —— U.S. ——, 123 S.Ct. 711, 154 L.Ed.2d 647 (2002). Moreover, Myer has not established that he is entitled to equitable tolling. *See Dunlap,* 250 F.3d at 1008–10.

For these same reasons, the court need not consider the merits of Myer's claims numbered 1 and 4 above.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.