**Jose GARCIA, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 06–0994–pr.**

United States Court of Appeals, Second Circuit.

Feb. 29, 2008.

Sally Wasserman, New York, N.Y., for Petitioner–Appellant.

Serene K. Nakano, Assistant United States Attorney (Diane Gujarati, Assistant United States Attorney, of counsel), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Respondent–Appellee.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. REENA RAGGI, Circuit Judges.

## SUMMARY ORDER

Petitioner–Appellant Jose Garcia ("Garcia"), a citizen of Costa Rica, appeals from an August 12, 2005 decision of the district court dismissing his petition for habeas corpus. *Garcia v. United States,* No. 05 Civ. 5334, 2005 WL 1948714 (S.D.N.Y. Aug. 12, 2005). In 2000, Garcia was convicted, pursuant to a guilty plea, of three counts of credit card fraud, specifically, of conspiring to traffic in, trafficking in, and using unauthorized access devices, in violation of 18 U.S.C. § 1029. He was sentenced to eighteen months' imprisonment. Garcia failed to surrender to authorities to serve his sentence. In October 2004, Garcia was arrested and charged with failing to surrender in violation of 18 U.S.C. § 3146(a)(2). He was sentenced to twelve months' imprisonment, to be served consecutively to his prior sentence.

On or about May 20, 2005, Garcia filed a habeas petition attacking his fraud conviction.[1] He claimed that he suffered from ineffective assistance of counsel and argued that but for counsel's misleading advice regarding the deportation consequences of this conviction, he "would never have entered a guilty plea." He alleged that his lawyer's advice, suggesting that Garcia would likely receive a waiver of deportation, was an affirmative misrepresentation and thus objectively unreasonable under *United States v. Couto,* 311 F.3d 179, 188 (2d Cir.2002). Garcia further alleged that he did not discover this ineffective assistance until December 2004, when, at his plea hearing for failure to surrender, Judge Mukasey said that, by pleading guilty to that charge, Garcia would likely be deported.

The district court dismissed the habeas petition as untimely, finding that, had Garcia exercised due diligence, he could have discovered the alleged ineffective assistance of counsel before May 20, 2004, one year prior to the date he filed his petition and the date by or after which his claim must have accrued. *See* 28 U.S.C. § 2255(f)(4) (stating that the one-year limitations period for filing a habeas petition under § 2255 may run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). On October 24, 2005, the district court granted Garcia a certificate of appealability on the single issue of whether the petition was timely filed. We presume the parties' familiarity with the facts, procedural history, and scope of the issues presented on appeal.

"We review *de novo* a district court's decision to grant or deny a habeas petition. In so doing, we review a district court's factual findings for clear error." *Hawkins v. Costello,* 460 F.3d 238, 242 (2d Cir.2006) (citation omitted); *see also United States v. Becker,* 502 F.3d 122, 127 (2d Cir.2007). We leave open the question of whether the district court's finding that Garcia did not exercise due diligence is one of law or fact as, under any standard of review, we conclude that, on the facts of this case, Garcia failed to exercise due diligence.

A petitioner's habeas petition is timely filed under § 2255(f)(4) if "his claim for habeas relief accrued no earlier than one year prior to the date of filing." *Wims v. United States,* 225 F.3d 186, 189 (2d Cir. 2000). To determine when Garcia's claim accrued, a court must ask "when a duly

1. Garcia is no longer in custody due to this conviction. He is currently in federal custody as a result of his arrest for illegal reentry to the United States after having been deported for an aggravated felony. As Garcia has already illegally reentered, there is nothing speculative about the possibility of an increased sentence due to the instant conviction. *Cf. Perez v. Greiner,* 296 F.3d 123, 126 (2d Cir.2002).

diligent person in petitioner's circumstances would have discovered" the alleged ineffective assistance of counsel. *Id.* at 190. Arguing he was sufficiently diligent, Garcia contends that he was right to rely on his attorney's advice concerning the deportation consequences of his guilty plea, and that he had no reason to "second-guess" his counsel's advice until the plea proceedings before Judge Mukasey. The government responds, *inter alia,* that Garcia should have been aware of his counsel's ineffectiveness by 2002, when the decision in *Couto,* supporting Garcia's claims, was published.

We find that Garcia failed to exercise due diligence, and further, that it was Garcia's fugitive status that kept him from doing so. Had Garcia surrendered as ordered by the court, he might well have learned of his deportability soon thereafter from other alien inmates similarly situated to himself. In any event, he would have learned of his deportability no later than 2002, when he completed his 18–month sentence and was turned over to immigration authorities. Thus, Garcia cannot claim due diligence for lack of knowledge after 2002 based on his fugitive status. Moreover, had Garcia, while in jail, maintained contact with his lawyer, it might perhaps not be unreasonable for Garcia to rely on his lawyer to tell him about changes in the law, or to expect his lawyer to admit that a mistake had been made. If, for some reason, his lawyer had failed to advise him of his rights, the question would then arise as to whether Garcia should have "second-guessed" his lawyer. In the case before us, however, such an analysis is inapplicable. By failing to surrender and by becoming a fugitive, Garcia, in effect, decided to rely not on his lawyer, but on himself. Having put himself in a situation where he had to look after himself, Garcia clearly failed to exercise due diligence in keeping abreast of his rights.

The judgment of the district court is therefore AFFIRMED.