**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-6485**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

   v.

WILLIAM THOMAS DUNCAN,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Mark S. Davis, Chief District Judge. (2:15-cr-00163-MSD-DEM-1; 2:19-cv-00413-MSD-DEM)

Submitted: February 28, 2022          Decided: March 1, 2022

Before NIEMEYER, MOTZ, and AGEE, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Matthew Kyle Winchester, LAW OFFICES OF MATTHEW K. WINCHESTER, Atlanta, Georgia, for Appellant. Emily Rebecca Gantt, Assistant United States Attorney, Norfolk, Virginia, Aidan Taft Grano-Mickelsen, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia; for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Thomas Duncan appeals from the district court's order dismissing his 28 U.S.C. § 2255 motion as untimely. We previously granted a certificate of appealability on the following issues: (1) whether the district court erred in holding that Duncan's motion to vacate his sentence, filed on August 9, 2019, was untimely under 28 U.S.C. § 2255(f)(4), and (2) if so, whether Duncan is entitled to § 2255(a) relief based on a violation of *Brady v. Maryland*, 373 U.S. 83 (1963). Finding that Duncan's motion was untimely filed, we affirm.

As is relevant to this appeal, "[a] 1-year period of limitation . . . shall run from . . . the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f)(4). In order for the limitations period to be reset under § 2255(f)(4), Duncan "must show the existence of a new fact, while also demonstrating [that he] acted with diligence to discover the new fact." *Anjulo-Lopez v. United States*, 541 F.3d 814, 817 (8th Cir. 2008) (internal quotation marks and citation omitted). The diligence required by § 2255(f)(4) must be reasonable, not "maximum feasible diligence." *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000).

Duncan asserts that the statute of limitations on his *Brady* claim should run from his actual discovery of social workers' notes of forensic interviews with witnesses in August 2018. With regard to the district court's conclusion that the evidence in the social workers' notes was produced in 2016 in the form of the actual witness interviews, Duncan asserts on appeal only that the forensic interviews and the notes were materially different and that

2

the forensic interviews did not contain the social workers' impressions of the interviews. However, the Government correctly contends that this assertion is improperly raised for the first time on appeal, and Duncan has not responded to or disputed this contention. *See United States v. Al-Hamdi,* 356 F.3d 564, 568 n.4 (4th Cir. 2004) (noting that an "appellate court will not consider an issue not raised in the court from which the appeal is taken"). Duncan has abandoned any other arguments as to why the access to the forensic interviews was insufficient to satisfy the Government's *Brady* responsibilities by failing to raise them on appeal. *See Carter v. Lee*, 283 F.3d 240, 252 n.11 (4th Cir. 2002) ("[T]his [c]ourt normally views contentions not raised in an opening brief to be waived."). As such, the one-year statute of limitations began to run in 2016, and Duncan's § 2255 motion was untimely filed after the expiration of the limitations period.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*