FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

**April 16, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MICHAEL ROBERT STEVENS,

    Defendant - Appellant.

No. 23-1149
(D.C. Nos. 1:23-CV-00029-RBJ &
1:19-CR-00508-RBJ-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **PHILLIPS**, and **ROSSMAN**, Circuit Judges.
_____

Michael Robert Stevens appeals pro se from the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence.[1]  This court

granted a certificate of appealability (COA) on the following issue: "Whether

Mr. Stevens's claim that his counsel was constitutionally ineffective in failing to

appeal from his conviction and sentence after Mr. Stevens asked counsel to appeal

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Stevens's pro se filings but do not act as his advocate.  _See James v. Wadas_, 724 F.3d 1312, 1315 (10th Cir. 2013).

was timely asserted under § 2255(f)." Order Granting COA at 2. We now reverse and remand for further proceedings.

Mr. Stevens was charged in a two-count indictment with being a convicted felon knowingly in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1); and with knowingly possessing an unregistered destructive device as defined in 26 U.S.C. §§ 5845(a)(8) and (f), in violation of 26 U.S.C. § 5861(d). He entered a "blind" plea to both charges (that is, a guilty plea without an agreement with the government). On September 14, 2020, the district court sentenced him to concurrent terms of 56 months on the two counts. The district court specified that its sentence was to run concurrently to the sentence imposed in a state case, El Paso County District Court Case No. 2018CR6615, and consecutively to El Paso County District Court Nos. 2018CR3217 and 2018CR5269.[2]

Mr. Stevens did not appeal from the district court's judgment. Over two years later, on January 4, 2023, he filed his pro se § 2255 motion. The district court denied the motion as untimely, without holding an evidentiary hearing.

## BACKGROUND

Mr. Stevens's § 2255 claims primarily asserted alleged sentencing-related errors. But he also asserted that he asked his trial counsel "to file an appeal and argue the issue at hand," but his counsel had failed to do so. R., vol. 1 at 103.

---

[2] Case No. 2018CR6615 was a DUI conviction arising from the same incident that was the subject of Mr. Stevens' federal case. The other two state court convictions were for crimes committed prior to his conduct in the federal case.

2

Mr. Stevens explained that he had entered a blind plea to avoid the appeal waiver typically included in a plea agreement with the government, but "[c]ounsel failed to file anything on [his] behalf." *Id.* at 104. He also asserted that because he was incarcerated in a state facility, he had been unable to contact counsel to discuss matters further. *Id.* He claimed it was only when he was moved to a federal facility on July 25, 2022, and attempted once again to contact counsel, that he discovered his trial counsel had retired from the practice of law without filing a notice of appeal.

The government moved to dismiss the § 2255 motion as untimely. *See* § 2255(f) (establishing a one-year limitations period for § 2255 motions). Mr. Stevens responded by reasserting his ineffective assistance argument. He argued his trial counsel had provided constitutionally ineffective assistance by failing to file a notice of appeal as he had requested. Mr. Stevens further asserted that once he was taken into state custody he was "unable to reach his Federal Public Defender . . . or the public defender[']s office [to check on the status of his federal case] because he was in a State Facility." R., vol. 1 at 119. After he was paroled from his state sentence and held as a federal detainee, he was finally able to contact the federal public defender. It was then he discovered that his counsel had retired.

As part of its analysis, the district court considered whether Mr. Stevens's motion was timely because he filed it within one year of the date on which he could have discovered, through the exercise of due diligence, that his attorney had not filed the appeal as he had instructed. *See* § 2255(f)(4). The court rejected this contention for three reasons: (1) there was "no evidence, such as a writing of some kind, that

3

Mr. Stevens asked his public defender to file an appeal from his federal sentence," and it was unlikely that "a federal public defender, and in particular the individual who was his lawyer at the time," would have failed to do so if asked, R., vol. 1 at 130; (2) "it does not appear that there was a meritorious basis for an appeal," *id.*; and (3) Mr. Stevens's discovery in July 2022 that an appeal was not filed did not constitute a fact that could not have been discovered earlier through the exercise of due diligence. The district court noted Mr. Stevens did not contact the public defender's office until more than 22 months after he was sentenced and "[e]ven then there is no indication that he complained to that office that his former public defender had failed to honor his request that an appeal be filed on his behalf," *id.* at 131. But the district court did not address Mr. Stevens's contention that he was unable to contact the federal public defender until he was returned to federal custody.

## DISCUSSION

When a district denies a § 2255 motion without an evidentiary hearing, our review is de novo. *United States v. Baker*, 49 F.4th 1348, 1354 (10th Cir. 2022).

The district court concluded no hearing was necessary on the timeliness issue. We disagree. Because the district court did not hold a hearing, the record is inadequate to determine (1) whether, when, and how Mr. Stevens asked his attorney to file a notice of appeal, and (2) at what point Mr. Stevens could have discovered, through the exercise of due diligence, that his attorney had failed to do so. *See United States v. Denny*, 694 F.3d 1185, 1190 (10th Cir. 2012) (stating requirement for reasonable diligence "depends on what one has notice of at that time"); *see also*

4

*Wims v. United States*, 225 F.3d 186, 190-91 (2d Cir. 2000) (date on which movant could have discovered his attorney's failure to file an appeal is a fact-specific inquiry).

Among other things, Mr. Stevens asserts that he was unable reach his trial counsel for reasons beyond his control. Without an adequate record on these issues, it is not possible to determine whether Mr. Stevens's ineffective assistance claim was timely filed. A remand for further fact-finding is therefore required. *See* § 2255(b) ("Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon . . . ."); *see also, e.g.*, *United States v. Garrett*, 402 F.3d 1262, 1266-67 (10th Cir. 2005) (remanding for a hearing concerning whether counsel disregarded movant's requested to file a notice of appeal, even though movant pled guilty and his plea agreement contained an appeal waiver).

## CONCLUSION

We reverse the district court's judgment and remand for further proceedings. We grant Mr. Stevens's motion for leave to proceed without prepayment of costs or

fees.  To the extent Mr. Stevens seeks a COA on grounds other than the ground

addressed in this order and judgment, we deny a COA.[3]

Entered for the Court

Veronica S. Rossman
Circuit Judge

---

[3] Mr. Stevens's equitable tolling argument relies in part on his attorney's failure to file a notice of appeal and to communicate with him.  Although we deny a COA on the equitable tolling issue at this juncture, we do not intend to foreclose reassertion of such an argument to the extent additional facts developed at a hearing might warrant relief under the doctrine of equitable tolling.