## PEOPLE v RILEY

Docket No. 81512. Submitted October 16, 1986, at Detroit. Decided
December 1, 1986. Leave to appeal applied for.

Jimmie Lee Riley was convicted following a jury trial in the
Recorder's Court for the City of Detroit of two counts of first-
degree criminal sexual conduct. The trial court, Joseph A.
Gillis, J., sentenced defendant to life in prison on both counts.
Defendant appeals alleging that the trial court erroneously
allowed him to represent himself, improperly submitted partial
written instructions to the jury, and improperly scored the
sentencing guidelines. Defendant also argues that he was de-
nied his right to compulsory process.

The Court of Appeals *held:*

1. The trial court satisfied the test for determining whether
the defendant could proceed in pro per at both the preliminary
examination and at trial. It is inconceivable that defendant did
not know what he was doing. Defendant was informed of his
right to an attorney at public expense.

2. The trial court improperly submitted partial written in-
structions to the jury. The error was, however, harmless be-
yond a reasonable doubt.

3. Defendant was not denied his right to compulsory process.

4. The trial judge stated adequate grounds to justify his
scoring of the sentencing guidelines. The sentence imposed does
not shock the conscience of the Court of Appeals.

Affirmed.

1. Criminal Law — Trial — Conduct of Own Defense.

A trial court must determine that the following test is satisfied
before a defendant may be allowed to proceed in propria
persona: (1) the request must be unequivocal; (2) the defendant

References

Am Jur 2d, Appeal and Error § 810.

Am Jur 2d, Criminal Law §§ 764-769, 993-997.

Accused's right to represent himself in state criminal proceeding—
modern state cases. 98 ALR3d 13.

See also the annotations in the Index to Annotations under Harm-
less and Prejudicial Error.

is asserting his right knowingly, intelligently and voluntarily; and (3) the court must determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business.

2. CRIMINAL LAW — APPEAL — JURY INSTRUCTIONS — HARMLESS ERROR — COURT RULES.

A trial court's erroneous submission of partial written instructions to the jury without the defendant's consent may be found to be harmless error where the defendant was not denied a fair trial, the error was not so offensive to the maintenance of a sound judicial process that it could never be considered harmless, the instructions were given in apparent good faith and were accurate, the court's actions were not adverse to the judicial process, and the error was harmless beyond a reasonable doubt (GCR 1963, 516.1; MCR 2.516[B][5]).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of the Criminal Division, Research, Training and Appeals, and *Jan J. Raven,* Assistant Prosecuting Attorney, for the people.

*Bernstein & Rabinovitz, P.C.* (by *Steven Rabinovitz*), and Jimmie Lee Riley, in propria persona, for defendant on appeal.

Before: WAHLS, P.J., and R. B. BURNS and M. WARSHAWSKY,* JJ.

PER CURIAM. Defendant was convicted, following a jury trial, of two counts of first-degree criminal sexual conduct. MCL 750.520b; MSA 28.788(2). He was sentenced to life in prison on both counts. He now appeals and we affirm.

The crimes occurred in the City of Detroit at the victim's home. The victim was acquainted with defendant, having employed defendant's sister as a babysitter. She had met defendant two or three

* Circuit judge, sitting on the Court of Appeals by assignment.

weeks prior to the incident and went out on a date with him two weeks prior to the incident. On the day in question, defendant arrived at the victim's house uninvited. She told him she was about to leave and did not let him in.

Defendant entered the house without permission and a struggle ensued, during which defendant struck the victim in the jaw. Defendant then grabbed the victim and dragged her to her bedroom. Defendant subsequently forcibly penetrated her vagina with his tongue and penis.

I

Defendant represented himself at trial and now argues that the trial court erroneously allowed him to do so.

A defendant has the right to represent himself under both the Michigan and United States Constitutions. US Const, Am VI; Const 1963, art 1, § 13; MCL 763.1; MSA 28.854. However, none of these provisions "guarantees an absolute right to proceed to trial without counsel." *People v Anderson,* 398 Mich 361, 366; 247 NW2d 857 (1976). Before a defendant may proceed in pro per, the trial court must determine if the following test is satisfied:

> First, the request must be unequivocal. This requirement will abort frivolous appeals by defendants who wish to upset adverse verdicts after trials at which they had been represented by counsel.
>
> \* \* \*
>
> Second, once the defendant has unequivocally declared his desire to proceed *pro se* the trial court must determine whether defendant is asserting his right knowingly, intelligently and voluntarily. *Faretta [v California,* 442 US 806, 835; 95 S Ct 2525;

45 L Ed 2d 562 (1975)]; [*People v Holcomb,* 395 Mich 326, 337; 235 NW2d 343 (1975).] The trial court must make the *pro se* defendant aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is made with eyes open. *Id.* Defendant's competence is a pertinent consideration in making this determination. *Westbrook v Arizona,* 384 US 150; 86 S Ct 1320; 16 L Ed 2d 429 (1966). But his competence does not refer to legal skills, "[f]or his technical legal knowledge, as such, was not relevant to an assessment of his knowing exercise of the right to defend himself". *Faretta, supra.*

The third and final requirement is that the trial judge determine that the defendant's acting as his own counsel will not disrupt, unduly inconvenience and burden the court and the administration of the court's business. [398 Mich 367-368.]

The existence of a knowing and intelligent waiver depends "upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused." 398 Mich 370; see also *People v Burden,* 141 Mich App 160; 366 NW2d 23 (1985).

From the start of criminal proceedings, defendant insisted on defending himself. Now, defendant argues, in both the brief filed by appellate counsel and the subsequent brief filed by defendant himself, that the trial court erred in allowing defendant to exercise his constitutional right to proceed in pro per. At the first arraignment on June 1, 1984, for criminal sexual conduct in the third degree, defendant informed the court of his intention to represent himself. The court asked defendant if he would like the court to appoint an attorney to assist him; defendant replied "no." At the second arraignment on July 3, 1984, for two counts of criminal sexual conduct in the first

degree, defendant again expressed his wish to proceed in pro per. However, counsel had been appointed as the attorney of record for defendant. A plea of not guilty was again entered. At the preliminary examination, defendant again was appointed counsel. Counsel informed the court that defendant wished to represent himself but that defendant was told counsel could not be released except upon order by the court. Defendant informed the court himself of his desire to represent himself. The court then stated to defendant that even if defendant was a genius it would be

> hard for you to take a crash program in a couple of seconds to make yourself with the same ability as Mr. Quarterman who has gone through law school and taken the State Examination and been in the criminal law practice for a number of years.

The court also stressed the seriousness of the charges against defendant, but defendant still insisted on representing himself. The court questioned defendant on his legal skills and was informed that defendant had tried a case in the Court of Claims. Also, defendant informed the court that he had been through the criminal system before. The court agreed to let defendant represent himself, but appointed an attorney to act as defendant's legal advisor.

Throughout the four days of preliminary examination, defendant had access to legal counsel. The court also informed defendant of his right to have an attorney and that the court would appoint one if defendant was unable to afford one. Repeatedly, throughout the examination, the court warned defendant of the dangers of representing himself and asked defendant if he had changed his mind in this regard. The court also counseled defendant

about the disadvantages of taking the stand and suggested defendant talk with legal counsel. The court made certain that advisory counsel was always present and, at one point, adjourned the examination until counsel could appear. Prior to trial on August 13, 1984, the trial court again went over defendant's decision to represent himself. The court informed defendant of some of the problems he would have in representing himself.

The court satisfied the *Anderson* requirement at both the preliminary examination and at trial. The court repeatedly questioned the defendant about his request and defendant responded unequivocally that he wanted to represent himself. The court also discussed the dangers of self-representation with defendant and even appointed advisory counsel to help him. Again, defendant insisted on proceeding in pro per. We find it inconceivable that defendant did not know what he was doing. If anything, we believe that defendant knew exactly what he was doing—having the best of both worlds, self-representation and an appellate parachute.

Defendant also argues that the trial court erred by not informing him at the arraignments, conference calls, or sentencing of his right to an attorney at public expense pursuant to GCR 1963, 785.4(3), now MCR 6.101(C).

Although the trial court did not specifically inform defendant of his right at the arraignment, conference calls, or sentencing, defendant was appointed an attorney to act as his attorney or in an advisory capacity. Prior to the first arraignment, defendant signed an appointment of counsel form. However, at the arraignment he elected to represent himself. Rather than specifically telling defendant that he had the right to counsel, the court appointed one for him. Further, the court ap-

pointed advisory counsel throughout the proceedings. Therefore, defendant was informed of this right.

## II

Next, we address the issue of whether the trial court improperly submitted partial written instructions to the jury. While we believe it did, we also conclude that the error was harmless. At the time of trial, GCR 1963, 516.1, now MCR 2.516(B)(5), provided:

> Either on request of a party or on its own motion, the court may provide the jury with a full or partial set of written instructions when in the court's discretion the interests of justice require. However, a partial set of written instructions may be provided only if all parties consent to the provision of only those portions of the instructions.

In the instant action, the trial court provided the jury with the definitions of personal injury, force or coercion and sexual penetration on the jury verdict form. Defendant objected to the submission of these definitions to the jury in this form, claiming that it would prejudicially reinforce these elements in the jurors' minds.

In this case, defendant did object to the court's providing the jury with the written definitions. Therefore, submission of the definitions without the consent of the defendant was error pursuant to GCR 1963, 516.1. However, defendant was not denied a fair trial. The trial court's erroneous use of written definitions in the instructions was not so offensive to the maintenance of a sound judicial process that it could never be considered harmless. *People v Robinson*, 386 Mich 551, 563; 194 NW2d 709 (1972). The definitions were given in apparent

good faith and they were not, nor does defendant contend that they were, inaccurate. The court's actions were not adverse to the judicial process, but, rather, the court attempted to carry out its responsibility in the manner it considered most effective.

Finally, the error was harmless beyond a reasonable doubt. The element that defendant contested was consent. Defendant did not deny penetration. There was more than sufficient evidence on which the jury could have based the verdict. The complainant testified that defendant forced her to engage in sex with him and that he struck her.

### III

Defendant also argues that he was denied his right to compulsory process because the prosecutor and the trial court refused to assist defendant in subpoenaing the victim's two sons. However, we found no evidence in the record to suggest the defendant was prevented from subpoenaing the witnesses. Nor do we believe the trial court abused its discretion in refusing to subpoena the witnesses at government expense. *People v William L Thomas,* 1 Mich App 118; 134 NW2d 352 (1965).

### IV

Defendant argues that the trial court improperly scored the sentencing guidelines by assigning three points under O.V. 7, the offender's exploitation of the victim's vulnerability, based upon the disparity of size and weight between defendant and the victim. However, this was not the only basis of the trial court's scoring of O.V. 7. The trial court made reference to the victim's state of mind over her uncle's death and the vandalizing of

her car. The trial judge stated adequate grounds to justify his scoring of the guidelines. *People v Clark,* 147 Mich App 237; 382 NW2d 759 (1985). Moreover, the sentence does not shock our conscience. *People v Coles,* 417 Mich 523; 339 NW2d 440 (1983).

Many of defendant's remaining issues are not preserved for appellate review. The remainder are without merit. None require discussion.

Affirmed.