**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Brian Keith BATTLES, Defendant–Appellant.**

**No. 00–15134.**
**D.C. No. CR–96–00077–EJG.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 13, 2001 *.

Decided Aug. 28, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Battles' request for oral argument therefore is denied. *See id.*

**496**

Before HAWKINS, TASHIMA, and GOULD, Circuit Judges.

### MEMORANDUM **

Federal prisoner Brian Keith Battles appeals pro se the district court's dismissal of his untimely 28 U.S.C. § 2255 motion, which challenged his convictions for possession with the intent to distribute crystal methamphetamine and aiding and abetting possession with the intent to distribute crystal methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2,

and being an accessory after the fact, in violation of 18 U.S.C. § 3. We have jurisdiction pursuant to 28 U.S.C. § 2253, and reverse and remand in part.

Battles contends his motion was not barred by the one year limitation of the AEDPA because the limitations period should start running from the date he received actual notice the Supreme Court's denial of his certiorari petition. We review the district court's dismissal of a section 2255 motion de novo. *See United States v. Chacon–Palomares,* 208 F.3d 1157, 1158 (9th Cir.2000); *see also Miles v. Prunty,* 187 F.3d 1104, 1105 (9th Cir.1999) (reviewing de novo equitable-tolling issue in § 2254 petition).

■ Battles' contention is without merit because a conviction has become final, for habeas purposes, when either the time to petition for certiorari has elapsed or the petition is actually denied. *See* 28 U.S.C. § 2244(d)(1)(A); *United States v. Garcia,* 210 F.3d 1058, 1059 (9th Cir.2000).

■ Battles next contends extraordinary circumstances prevented him from timely filing his petition, justifying equitable tolling of the limitations period of the AEDPA. Equitable tolling of the AEDPA's one year limitation is allowed if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time. *See Calderon v. United States Dist. Ct. (Beeler),* 128 F.3d 1283, 1288 (9th Cir.1997), *overruled in part on other grounds by Calderon v. United States Dist. Ct. (Kelly),* 163 F.3d 530, 540 (9th Cir.1998) (en banc) (§ 2254).

Here, too, Battles' contention is without merit because Battles' section 2255 motion was eventually filed without access to the requested trial transcripts, belying his con-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

tention they were necessary for the preparation of his motion. *See Allen v. Lewis,* 255 F.3d 798, 799 (9th Cir.2001) (per curiam) (applying "but-for" and proximate cause tests) (§ 2254). We conclude extraordinary circumstances beyond Battles' control were not present. *See Garcia,* 210 F.3d at 1060; *cf. Miles,* 187 F.3d at 1107; *Calderon (Beeler),* 128 F.3d at 1288–89; *Calderon (Kelly),* 163 F.3d at 541.

 Battles finally contends the AEDPA's one year limitation is inapplicable due to 28 U.S.C. § 2255(4), which specifies the limitations period does not begin to run until "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." In his section 2255 motion, Battles made two claims of ineffective assistance of counsel, both of which were based upon facts that were or could have been known to him when judgment was imposed. *See United States v. Zuno–Arce,* 209 F.3d 1095, 1098 (9th Cir.2000) (concluding, under § 2255(4), defendant must prove the claim through facts that could have been discovered only in the year before the § 2255 motion was filed). As such, we conclude section 2255(4) is inapplicable to these two claims.

However, Battles' final claim in his section 2255 motion, that he was not an accessory after the fact, relies upon evidence that purportedly was not available during his trial and could not have been discovered through the exercise of due diligence. Because the district court did not take section 2255(4) into account in its order, a limited remand is necessary to determine the date on which the facts supporting this claim could have been discovered through the exercise of Battles' due

diligence. *See Hasan v. Galaza,* 254 F.3d 1150, 1154–55 (9th Cir.2001).

AFFIRMED, in part; and REVERSED and REMANDED, in part.