Jesse James MACK, Petitioner–Appellant,

v.

R.E. HOLT, Respondent–Appellee.

No. 01–1155, 01–1177.

United States Court of Appeals, Sixth Circuit.

March 21, 2003.

Before BOGGS, SILER, and GIBBONS, Circuit Judges.

## PER CURIAM.

Jesse James Mack appeals the rejection of his petition for a writ of habeas corpus, arguing that he did not knowingly and intelligently waive his right to counsel during his trial. The state argues that the district court's decision that Mack's habeas petition was timely filed was in error. For the following reasons, we affirm.

Mack was convicted by a jury of two counts of first-degree murder, one count of second-degree murder, and one count of felony firearm. Mack shot and killed William and Jacqueline Rice, the parents of eleven-year-old Tameka Rice. Mack subsequently kidnaped Tameka, sodomized her, and strangled her to death with a dog leash. After his conviction, Mack appealed to the Michigan appellate court, and to the state supreme court. His convictions were affirmed.

On March 14, 1997, Mack filed for state postconviction relief, which was denied. He appealed again to the Michigan appellate court, and to the state supreme court. His convictions were again affirmed. The state supreme court rendered its decision on August 31, 1999. On September 6, 1999, Mack filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 with the district court. The district court held that his petition was timely, but dismissed it, finding that his claims were either procedurally defaulted or were without merit. The district court also denied Mack's motion for a certificate of appealability.

This court granted Mack's motion for a certificate of appealability as to whether the trial court properly determined that the waiver of his right to counsel was knowing and intelligent. This court also *sua sponte* granted a certificate of appealability as to whether Mack's § 2254 petition to the district court was timely filed.

## I

■ The state argues that Mack's habeas petition is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) because Mack did not have a "properly filed" or "pending" application that would toll the statute of limitations in the time between the denial of his motion in the trial court, and the date of the filing of his delayed application for leave to appeal.

The Supreme Court recently decided, in *Carey v. Saffold*, 536 U.S. 214, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002), that a petitioner's claim is "pending" for the entire term of state court review, including those intervals between one state court's judgment and the filing of an appeal with a higher state court. *Id.* at 2138. Therefore, Mack's habeas petition was timely

filed, as the one-year statute of limitations was tolled for the entire time he pursued state court review.[1]

## II

■ We turn now to Mack's claim that his waiver of his right to counsel was not knowing and voluntary. Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, a federal court may not grant a habeas petition with respect to any claim that was adjudicated on the merits in state court, unless the state court's adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To satisfy the "contrary to" test, a state court's decision must be opposite to that reached by the Supreme Court on a question of law, or must arrive at an opposite result when facing a set of facts that are materially indistinguishable from a relevant Supreme Court precedent. *Williams v. Taylor*, 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). The "unreasonable application" test is satisfied when a state court correctly identifies the governing legal principle in a case, but unreasonably applies that principle to the facts of the defendant's case. *Id.* at 407.

This court reviews the district court's denial of a writ of habeas corpus de novo. *Buell v. Mitchell*, 274 F.3d 337, 344 (2001).

Mack was appointed counsel for his trial. At the beginning of a hearing on motions that his appointed counsel had filed, Mack stated that his appointed counsel had not filed "things" that he had requested. He stated that his counsel had done nothing "except come here and pretend he my attorney." After Mack continued to express his dissatisfaction with his counsel, he moved orally for a finding of "ineffective assistance of counsel." The trial court told Mack that he had no right to the appointed counsel of his choice, but could hire counsel of his choice or represent himself. The trial court also informed Mack that he could go to prison for the rest of his life if convicted.

After he thought it over, Mack informed the court that he wanted to represent himself rather than continue to be represented by his current counsel. The trial court then gave him some more time to think and discuss the decision with his appointed counsel. The trial court ordered his appointed counsel to remain at the defense table throughout the proceedings. It also asked Mack to read a *Miranda* warning card out loud, and gave him the opportunity to speak with two defense attorneys. Mack declined to speak with them.

Numerous times during the trial, Mack told the court that he did not know what he was doing, and requested that new counsel be appointed. The court repeatedly advised him that his previously appointed counsel could resume representation, but that it would not appoint him new counsel.

After several days of trial, the trial court held a hearing to inquire into whether Mack had a legitimate basis to be dissatisfied with his appointed counsel. His appointed counsel, who had been ordered to serve as stand-by counsel, subsequently moved for a mistrial. The prosecution did not object. Mack was offered the opportu-

---

1. Mack's delayed petition for leave to appeal was denied by the Michigan Court of Appeals on the merits and not because of the delay.

Therefore, it was "properly filed" for purposes of tolling the statute of limitations.

nity to discuss with another defense attorney the advisability of accepting a mistrial, and he refused. He also refused the mistrial and requested again that new counsel be appointed. The trial court made a statement for the record that Mack knew what he was doing, that he was committing a fraud on the system, and that the record now reflected that Mack wanted to continue to represent himself rather than have a new trial. Near the end of the trial, Mack requested that his appointed counsel, who had been observing throughout, resume representation.

In *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), the Supreme Court held that a criminal defendant has the constitutional right to defend himself. *Id.* at 836. However, the Court held that "in order to represent himself, the accused must 'knowingly and intelligently' forgo those relinquished benefits." *Id.* at 835 (quoting *Johnson v. Zerbst*, 304 U.S. 458, 464–65, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938)). The Court went on to state that the defendant "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'" *Ibid.* (quoting *Adams v. United States*, 317 U.S. 269, 279, 63 S.Ct. 236, 87 L.Ed. 268 (1942)).

> A waiver is ordinarily an intentional relinquishment or abandonment of a known right or privilege. The determination of whether there has been an intelligent waiver of the right to counsel must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.

*Johnson*, 304 U.S. at 464.

The Michigan Court of Appeals concluded that it was "inconceivable that defendant did not know what he was doing."

*People v. Mack*, 190 Mich.App. 7, 475 N.W.2d 830, 836 (1991) (quoting *People v. Riley*, 156 Mich.App. 396, 401 N.W.2d 875 (1986)). It held that the trial court did not err in allowing Mack to represent himself at trial. *Ibid.*

The precise question before us is whether the Michigan Court of Appeals came to a decision that was contrary to, or an unreasonable application of, *Faretta* and *Johnson*. The trial court did not expressly determine that Mack's waiver was voluntary and intelligent. While this court has previously directed this circuit's federal trial courts to conduct a formal inquiry, *United States v. McDowell*, 814 F.2d 245, 250 (6th Cir.1987), the question of the necessity of such a searching inquiry has not yet reached the Supreme Court. Thus, no clearly established federal law, as determined by the Supreme Court, requires a specific colloquy to determine whether a defendant's waiver is made with "eyes open."

The trial court in this case repeatedly warned Mack that proceeding without counsel was unwise. The trial court also advised Mack that a conviction could result in life imprisonment. In spite of these warnings, Mack insisted on representing himself rather than continuing on with his appointed counsel. Moreover, after Mack experienced self-representation through several days of trial, he was afforded the opportunity to accept a mistrial and begin again. He refused this opportunity, and again insisted on representing himself, even though he had been protesting to the court that he did not know what he was doing.

"Presuming waiver from a silent record is impermissible." *Carnley v. Cochran*, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962). However, the record before us is not silent. Mack's conduct throughout his trial indicates that he voluntarily and

intelligently chose to represent himself. The Michigan court's conclusion to this effect was not contrary to or an unreasonable application of *Faretta* or *Johnson.*

## III

For all of the above reasons, we affirm the decision of the district court that Mack's habeas petition was timely filed, and its decision denying habeas relief.