**Jeffrey GRANGER, Petitioner–Appellant,**

v.

**Robert L. HURT, Respondent–Appellee.**

No. 02–3088.

United States Court of Appeals, Sixth Circuit.

Jan. 23, 2004.

Theresa G. Haire, Public Defender's Office, Ohio Public Defender Commission, Columbus, OH, for Petitioner–Appellant.

Thelma Thomas Price, M. Scott Criss, Asst. Atty. General, Office of the Attorney General, Columbus, OH, for Respondent–Appellee.

Before BOGGS, Chief Judge; GILMAN, Circuit Judge; and DOWD, District Judge.*

## REVISED OPINION

GILMAN, Circuit Judge.

This appeal concerns the appropriate application of the one-year statute of limitations governing federal habeas corpus relief sought pursuant to 28 U.S.C. § 2254. The district court's Certificate of Appealability (COA) states the question as "whether the running of the statute of limitations period was tolled during the two-month period between the entry of judgment of conviction and petitioner's learning that his trial attorney had not filed a notice of appeal." A negative answer was rendered by the district court. For the reasons set forth below, we **REVERSE** the judgment of the district court and **REMAND** for consideration of Granger's habeas petition on the merits.

## I. BACKGROUND

On April 13, 1999, Jeffrey Granger was convicted in the Court of Common Pleas for Pickaway County, Ohio on separate counts of robbery, theft, and abduction. He was sentenced to a term of seven years' imprisonment to be followed by five years of supervised release. Granger's conviction was not appealed within the time allowed by Ohio law. According to Granger, he was under the impression that his trial counsel was appealing his conviction, and he did not discover otherwise until he called to check on the status of his appeal two months past the filing deadline.

Upon learning that his conviction had not been appealed, Granger filed a motion for a delayed direct appeal pursuant to

Ohio Appellate Rule 5(A) on September 14, 1999. That motion was denied by the Ohio Court of Appeals on January 7, 2000. Granger then filed a motion for leave to appeal to the Supreme Court of Ohio, which was denied on May 17, 2000. Nearly one year later, on May 8, 2001, Granger filed a petition for a writ of habeas corpus, claiming that he had been denied both his right to appeal and to the effective assistance of counsel because of his attorney's failure to file an appeal. The district court dismissed Granger's habeas petition on the ground that he had failed to file the petition within the one-year statute of limitations.

## II. ANALYSIS

### A. Standard of review

A district court's denial of a writ of habeas corpus is reviewed de novo. *McQueen v. Scroggy*, 99 F.3d 1302, 1310 (6th Cir.1996). To the extent that the district court made factual findings without conducting an evidentiary hearing, those findings are also reviewed de novo. *Northrop v. Trippett*, 265 F.3d 372, 377 (6th Cir.2001).

Because Granger's habeas petition was filed after the April 24, 1996 effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA), the provisions of that act apply. *Ford v. Curtis*, 277 F.3d 806, 808 (6th Cir.2002). AEDPA establishes a one-year statute of limitations for habeas petitions, providing in pertinent part as follows:

(d)(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State

---

* The Honorable David D. Dowd, Jr., Senior United States District Judge for the Northern District of Ohio, sitting by designation.

court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244.

## B. Scope of the COA

The state contends that several of Granger's arguments on appeal fall outside the scope of the COA. According to the state, the district court's language framing the issue certified on appeal makes clear that the only issue before us is whether to apply equitable tolling under § 2244(d)(1)(A). Granger counters, however, that the district court's statement of the issue allows us to consider his arguments raised under § 2244(d)(1)(B) and

(D) as well. We agree with the state that the plain language of the statute indicates that both § 2244(d)(1)(B) and (D) involve the commencement of the limitations period rather than the tolling of a period already begun. Some courts, however, have referred to these sections as providing mechanisms for "tolling." *See, e.g., Wims v. United States,* 225 F.3d 186, 189–90 (2d Cir.2000) ("[T]he district court interpreted the section as if it provided a ground for tolling of the limitations period, rather than as defining the time when the limitations period began.") In fact, in an unpublished decision, this court repeatedly referred to a habeas petitioner's § 2244(d)(1)(B) argument as one involving "equitable tolling." *Dolphin v. Garraghty,* 27 Fed.Appx. 496 (6th Cir.2001). We are reluctant, in light of this confusion, to assume that the district court's use of the word "tolling" in the question certified in this case precludes us from considering Granger's § 2244(d)(1)(B) and (D) arguments.

In addition, even if the district court did intend to deny a COA as to Granger's § 2244(d)(1)(B) and (D) claims, this court would construe the filing of the notice of appeal as a request for a COA as to those issues raised below but not certified. *Kincade v. Sparkman,* 117 F.3d 949, 953 (6th Cir.1997). We will therefore consider Granger's § 2244(d)(1)(B) and (D) arguments on the merits.

## C. Granger's § 2244(d)(1)(D) argument

Under § 2244(d)(1)(D), a habeas petition may be filed within one year from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Granger asserts that the factual predicate for his ineffective-assistance claim occurred when he became aware in early August of 1999 that his

lawyer had failed to file a timely notice of appeal. The state counters that the factual predicate of his claim was established at trial when Granger was informed of his right to appeal. We find the state's logic unpersuasive. Because Granger's ineffective-assistance claim is based upon his counsel's failure to file a timely appeal, he clearly could not have been aware of this failure at the close of trial.

The district court, on the other hand, held that Granger could have discovered the factual predicate of his claim on May 13, 1999, the date when the time for filing his notice of appeal expired. Although we acknowledge that Granger *could* have discovered his counsel's failure on that date, to require that he do so ignores the reality of the prison system and imposes an unreasonable burden on prisoners seeking to appeal. *See Wims v. United States,* 225 F.3d 186, 190 n. 4 (2d Cir.2000) (holding that a five-month delay in discovering that no appeal was filed was not unreasonable, and stating that "[t]he statute does not require the maximum feasible diligence, only 'due,' or reasonable, diligence.")

In the present case, Granger had reason to believe that his family had discussed an appeal with his attorney and that, pursuant to this conversation, his attorney was filing an appeal. We agree with the Second Circuit that "due diligence plainly did not require [Granger] to check up on his counsel's pursuit of an appeal on ... the very day on which [Granger's] conviction became final absent an appeal." *Id.* The two months that Granger waited before inquiring about his appeal was, under the circumstances, not unreasonable.

Because we find that Granger's waiting for two months to inquire about the status of his appeal was not beyond "the exercise of due diligence" under § 2244(d)(1)(D), the statute of limitations began to run when he received his attorney's August 4,

1999 letter informing him that no appeal had been filed. Nothing in the record indicates when Granger received this letter. Assuming that Granger received the letter the following day, the factual predicate of his claim became known to him on August 5, 1999, thus triggering the one-year statute of limitations for filing his habeas petition. This would mean that 40 days of the 365-day limitations period had expired when Granger filed his Rule 5(A) motion for a delayed appeal on September 14, 1999 (the time between August 5, 1999 and the filing of his motion). Rule 5(A) motions are treated as part of collateral review, *Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001) (holding that motions for delayed appeal are not part of direct review and toll, rather than restart, the one-year statute of limitations). The statute of limitations was therefore tolled while Granger pursued his delayed appeal motion pursuant to § 2244(d)(2).

▮ At the conclusion of Granger's attempted delayed appeal, the statute resumed running and ran until Granger filed his habeas petition on May 8, 2001. The parties disagree about whether the limitations period resumed when the Ohio Supreme Court dismissed his motion for a delayed appeal on May 17, 2000, or if Granger should receive credit for the 90 days during which he could have filed a petition for certiorari with the United States Supreme Court. In a recent *en banc* decision, this court held that "under section 2244(d)(2), the statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case." *Abela v. Martin,* 348 F.3d 164, 172–73 (6th Cir.2003) (en banc). In

light of *Abela,* the statute of limitations was tolled for the 90 days during which Granger could have petitioned for certiorari. Thus, the clock ran for 40 days before Granger's delayed appeal and for only 266 days after the expiration of the period for seeking certiorari (from August 15, 2000 until May 8, 2001), for a total of 306 days. His habeas petition was therefore timely.

Because we hold that Granger's habeas petition was timely filed under § 2244(d)(1)(D), we do not consider his "impediment" argument under § 2244(d)(1)(B).

## VII.  CONCLUSION

For all of the reasons set forth above, we **REVERSE** the judgment of the district court and **REMAND** for consideration of Granger's habeas petition on the merits.