[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13984
Non-Argument Calendar

_____

D. C. Docket No. 02-01328-CV-T-E

CHARLES H. BAKER,

Petitioner-Appellant,

versus

ARNOLD HOLT, Warden III
TROY KING, The Attorney General of the
State of Alabama,

Respondents-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(April 27, 2006)

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Alabama prisoner Charles H. Baker appeals the district court's dismissal of his *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Baker asserts the district court erred in dismissing his claims as procedurally defaulted. Baker alleged multiple claims, including that his guilty plea was not knowing and voluntary because (1) the sentencing judge failed to explain his right to plead not guilty by reason of mental disease or defect, and (2) he was not informed of the *mens rea* element of the offense. The district court, adopting the magistrate judge's report and recommendation, held Baker's claims were procedurally defaulted as they were

> not presented to the state courts in compliance with requisite state procedural rules. Review in this court is expressly barred as these claims were not presented in Baker's initial brief, filed *pro se* with the Alabama Court of Criminal Appeals [(ACCA)] on appeal from the denial of the Rule 32 petition, and the appellate court deemed these claims defaulted for such failure: (a) that Baker did not know he could enter a plea of not guilty by reason of insanity . . . , (c) that neither the elements of the offense nor the lesser included offenses were adequately explained to him . . . .

Baker moved for a certificate of appealability (COA), which the district court denied. Thereafter, we granted a COA on the issue of

> Whether appellant procedurally defaulted his claim that his guilty plea was not knowing and voluntary because he did not understand his right to plead guilty by reason of a mental defect and he never was informed of the elements of the offense, where he failed to argue the claim in his initial brief appealing the ruling on his state habeas petition, but argued the claim at length in his reply brief?

2

We construe *pro se* pleadings liberally. *Mederos v. United States*, 218 F.3d 1252, 1254 (11th Cir. 2000). Ordinarily, issues outside the scope of the COA are not properly before this Court. *Murray v. United States*, 145 F.3d 1249, 1251 (11th Cir. 1998). However, we sometimes will look beyond the literal scope of a COA and construe the issue specification "in light of the pleadings and other parts of the record." *Id.*

The issue of whether a habeas petitioner's claims are subject to the doctrine of procedural default is a mixed question of law and fact that we review *de novo*. *Judd v. Haley*, 250 F.3d 1308, 1313 (11th Cir. 2001). "We review a district court's findings of fact in a habeas case for clear error." *Id.* at 1313 n.2.

Under the doctrine of procedural default, when a state court refuses to address the merits of a state prisoner's claims based on state law, the federal habeas court is precluded from hearing the merits, absent a showing of cause for the default and actual prejudice, or that failure to consider the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 111 S. Ct. 2546, 2564-65 (1991). Generally, procedural default can arise in two ways: (1) when the state court correctly applies a procedural default principle of state law and concludes the petitioner's federal claims are barred; or (2) when the petitioner never raised the claim in state court, and it is obvious the unexhausted claim now would be

3

procedurally barred in state court. *Bailey v. Nagle*, 172 F.3d 1299, 1302-03 (11th Cir. 1999). In the first instance, a federal court must determine whether the last state court rendering judgment clearly and expressly stated its judgment rested on a procedural bar. *Id.* at 1303. In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. *Id.*

A federal court is not required to honor a state's procedural default ruling unless that ruling rests on adequate state grounds independent of the federal question. *See Harris v. Reed*, 109 S. Ct. 1038, 1043 (1989). The adequacy of a state procedural bar to the assertion of a federal question is itself a federal question. *Lee v. Kemna*, 122 S. Ct. 877, 885 (2002). We have set forth a three-part test to determine whether a state court's procedural ruling constitutes an independent and adequate state rule of decision. *Judd*, 250 F.3d at 1313. First, the last state court rendering judgment must clearly and expressly state it is relying on state procedural rules to resolve the federal claim without reaching the merits of that claim. Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Third, the state procedural rule must be adequate. *Id.* The adequacy requirement has been

interpreted to mean the rule must be firmly established and regularly followed, that is, not applied in an arbitrary or unprecedented fashion. *Id.*

In his initial state Rule 32 petition, Baker asserted he never fully understood his right to plead not guilty by reason of mental defect and the trial court erred when it accepted his guilty plea despite its failure to adequately question him as to his understanding of that right. In his appeal brief to the ACCA, Baker also asserted

> When the judge asked me about my right to plea not guilty by reason of mental disease or defect, I asked the Judge to repeat his question . . . . I then asked the Judge to explain that question about this right to me . . . . Ms. Groff not the Judge said I did not have to plea. *Ala. R. Crim. P. 14.4*. The Trial Judge must ask the questions and determine that the defendant understands. I was so incoerced [sic] that Ms. Groff not the Judge, started asking the questions. *U.S. v. Thomas 468 F.2d 422*–Records must show that the Trial Judge personally asked the proper question and received answers from the accused indicating his awareness. *Fed. R. Crim. P. Rule 11 Saddler v. U.S. 531 F.2d 83*–Pointing to the defendant's unresponsive answer to the Court's inquires as warning flags indicating that defendant may not have been competent to plead guilty.

Baker then argued the mental defect issue in his reply brief, his petition for rehearing to the ACCA, and his petition for a writ of certiorari to the Alabama Supreme Court.[1]

---

[1] The State concedes Baker raised this issue in his Rule 32 petition, in his reply brief on appeal, and in his petitions for rehearing and for a writ of certiorari.

While *Baldwin v. Reese*, 124 S. Ct. 1347 (2004) and *McNair v. Campbell*, 416 F.3d 1291 (11th Cir. 2005), *petition for cert. filed*, (U.S. Jan. 10, 2006) (No. 05-8664), address the question of whether a petitioner has fairly presented an issue in federal terms in state court, rather than fairly presented an issue at all, those cases provide some guidance in determining whether Baker sufficiently raised his involuntary plea claims to the ACCA in his initial brief. In *Baldwin*, the Supreme Court stated a litigant may fairly present his claim by "citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds." *Baldwin*, 124 S. Ct. at 1351. Here, Baker both noted the factual basis of his mental defect claim and cited to Rule 11 of the Federal Rules of Criminal Procedure and two cases from this Court, both of which dealt in part with the trial court's duties in accepting a guilty plea. Furthermore, unlike in *McNair*, the citations to federal law are not buried in a string cite, nor is the relevant section of the brief labeled in a confusing manner. *McNair*, 416 F.3d at 1302. Therefore, Baker arguably exhausted his mental defect claim in state court, having fairly presented it to the state trial court, the ACCA, and the Alabama Supreme Court. Because Baker arguably fairly presented his mental defect claim to the ACCA, this Court need not determine whether any future attempt to exhaust

state remedies would be futile under Alabama's procedural default doctrine. *See Bailey*, 172 F.3d at 1303.

As for the *mens rea* claim, Baker concedes he raised this issue for the first time during his appeal of the state court's denial of his Rule 32 motion, in the reply brief. Therefore, this claim is procedurally defaulted, and any future attempt to exhaust the claim would be futile because any subsequent Rule 32 petition filed by Baker would be subject to Alabama's restrictions on second or successive Rule 32 petitions. *See* Ala. R. Crim. P. 32.2(b); *Bailey*, 172 F.3d at 1303.

The ACCA did not conclude Baker's mental defect claim was procedurally barred, therefore, the district court erred in denying Baker's petition on that ground. Instead, the district court should determine whether Baker exhausted the claim in state court and, if exhausted, looked at his claim on the merits. Accordingly, we remand the case to the district court for further proceedings in accordance with this opinion.

**VACATED AND REMANDED.**