NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0461n.06
Filed: June 29, 2007

No. 05-5559

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | |
|---|---|
| LARRY S. HUMPHREYS, | ) |
| | ) ON APPEAL FROM THE |
| Petitioner-Appellant, | ) UNITED STATES DISTRICT |
| | ) COURT FOR THE EASTERN |
| v. | ) DISTRICT OF TENNESSEE |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent-Appellee. | ) |

BEFORE: KEITH, BATCHELDER, and MOORE, Circuit Judges.

DAMON J. KEITH, Circuit Judge. Petitioner-Appellant Larry S. Humphreys ("Humphreys") pled guilty to two counts of armed bank robbery, in violation of 18 U.S.C. §§ 2113(a) and (d), and two counts of carrying a firearm during and in relation to a bank robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Humphreys was sentenced to a total of 430 months of imprisonment. Humphreys did not file a direct appeal. Seventeen months later, Humphreys filed a habeas petition pursuant to 28 U.S.C. § 2255, raising several claims including ineffective assistance of counsel and *Brady* violations. Humphreys cited newly discovered facts as the basis of his claims. The district court dismissed his petition as time-barred, citing Humphreys's failure to file his petition within one year of his conviction becoming final. The district court also concluded that Humphreys was not entitled to equitable tolling. Humphreys appealed, and this Court certified two questions, one of which will be considered in this appeal—whether Humphreys's § 2255 motion

was timely due to equitable tolling.[1]   Because we find that the district court failed to properly determine the statutory timeliness of Humphreys's petition, we **VACATE** the district court's dismissal of the petition and **REMAND** for further proceedings consistent with this opinion.

# I

Between June 30, 2001 and September 23, 2001, Humphreys committed a series of armed robberies in Tennessee and Georgia.  The robberies included twelve businesses and two banks.  Law enforcement officers eventually retrieved inculpatory evidence linking Humphreys to the string of robberies.  On October 24, 2001, a federal grand jury in the Eastern District of Tennessee returned a twenty-four count indictment charging Humphreys with ten armed robberies of businesses, in violation of the Hobbs Act, 18 U.S.C. § 1951, and two bank robberies, in violation of 18 U.S.C. §§ 2113(a) and (d).  The indictment also charged Humphreys with twelve related counts of using and carrying a firearm during each of the twelve robberies, in violation of 18 U.S.C. § 924(c)(1)(A)(i).  On October 26, 2001, Humphreys was arrested, and he subsequently made voluntary statements admitting to the series of robberies.

On December 12, 2001, Humphreys filed a notice of intent to rely on an insanity defense and a motion to determine his mental capacity.  Humphreys was then evaluated at the Federal Medical Center in Butner, North Carolina.  Humphreys later waived a mental competency hearing, which was accepted by the district court.  On August 1, 2002, pursuant to a plea agreement, Humphreys pled

---

[1] This Court certified two issues:  (1) whether Humphreys's § 2255 motion was timely due to equitable tolling; and (2) whether Humphreys's sentence was proper, particularly in light of this Court's decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir. 2005).  During oral arguments, Humphreys's counsel waived the second issue.

guilty to the two counts of bank robbery and their related gun charges. On November 18, 2002, the district court sentenced Humphreys to a total of 430 months—70 months for each bank robbery to run concurrently, a statutory mandatory minimum consecutive term of 60 months for the first gun charge, and a statutory mandatory consecutive term of 300 months for the second gun charge. The district court dismissed the remaining ten robberies of businesses and the related gun charges. Judgment was entered on December 9, 2002. Humphreys did not appeal, and the judgment became final on December 23, 2002.

On May 12, 2004, seventeen months later, Humphreys filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, claiming ineffective assistance of counsel, *Brady* violations, and a host of other allegations relating to his alleged unknowing and unintelligent guilty plea (the record shows sixteen claims). To support his motion, Humphreys claimed that he recently discovered the facts that serve as the basis of his claims. Humphreys explained that after the disposition of the federal case, the State of Tennessee indicted him on the charges dismissed by the district court. He was subsequently appointed an attorney; however, his state trial was delayed because his appointed attorney, an Army reservist, was deployed to Iraq. Upon his attorney's return, his case was repeatedly postponed due to his attorney's backlog.

Within sixty days before filing his petition, Humphreys asserted that he had received discovery related to his state case, and it was then that he learned "the truth surrounding the alleged evidence in [his] federal case; primarily the Hobbs cases." (J.A. at 10). Among other allegations, Humphreys claimed that, through discovery in his state case, he learned that his federal appointed attorney and the prosecutor severely misrepresented his case, that most of the evidence against him

had been lost, that his attorney was in collusion with the prosecutor, and that his fate was decided

by his attorney and the prosecutor without his involvement and before the outcome of his mental

evaluation.

In his petition, Humphreys acknowledged that the deadline to file a § 2255 petition under the

Antiterrorism and Effective Death Penalty Act ("AEDPA") had expired. However, he requested

that the twelve month deadline be restarted or tolled because the evidence he recently discovered

through his pending state matter "could not have been previously discovered through due diligence."

*Id*. Humphreys further stated that his plea was unknowing and unintelligent since his attorney did

not truthfully disclose the details of his case, and had there been truthful disclosure, the result of his

case would have been different. Because of the lack of disclosure, Humphreys alleged that his *Brady*

rights were violated, and any rights he waived pursuant to the plea agreement were unknowing. In

concluding, Humphreys reiterated that "the full scope of the ineffectiveness of [his] counsel through

due diligence is just now coming to light due to the recent discoveries concerning [his] Hobbs Act

cases that are now being dealt with in state court." *Id*. at 11.

On March 21, 2005, pursuant to 28 U.S.C. § 2255(1), the district court, *sua sponte*, denied

Humphreys's motion as time-barred because his petition had been filed one year after his conviction

became final. Section 2255(1) was the only section considered by the district court. Also, in finding

that Humphreys was not entitled to equitable tolling, the district court held:

> Humphreys was aware of the statute of limitation for filing a habeas corpus petition;
> he alleges that he did not learn of his grounds for relief, however, until he received
> discovery related to his state criminal proceedings. Nevertheless, Humphreys does
> not claim he was prevented, by circumstances beyond his control, of timely filing a
> § 2255 motion; he claims only that he failed to timely discover his alleged grounds

for relief. Such a failure will not toll the statute of limitation.

(J.A. at 16). The district court did not issue a certificate of appealability ("COA").

On April 6, 2005, Humphreys filed a notice of appeal to this Court. Also, on April 20, 2005, Humphreys filed a request asking this Court to grant a COA on the timeliness of his § 2255 petition. To support his request, and to demonstrate that his failure to meet the deadline was due to circumstances out of his control, Humphreys claimed that he had been in isolation without access to a library since his sentencing on November 18, 2002. Noting that his federal appointed attorney did not file a direct appeal or inform him of his appellate options, and that his state appointed attorney had been unavailable, Humphreys claimed that he did not find out about § 2255 and its corresponding AEDPA timeline until February 2004, after another inmate in isolation allowed him to borrow a jailhouse legal book.

After learning of this appellate option, Humphreys claimed that he acted diligently (by filing several grievances when the correctional facility refused to grant him access to legal material) to pursue his rights, eventually filing his § 2255 petition on May 12, 2004. Humphreys, citing what appears to be 28 U.S.C. § 2244(d)(1)(D)—"The limitation period shall run from . . . the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence[]"—asked the Court to reconsider the timeliness of his § 2255 petition, claiming that he only discovered the violation of his rights that occurred during his federal case through current discovery related to his state case.

On July 7, 2005, this Court dismissed the appeal for failure to pay the filing fee. On August 2, 2005, Humphreys filed a motion to reinstate and a motion to proceed *in forma pauperis*. On

October 7, 2005, this Court granted a COA on the issues of (1) "whether Humphreys's § 2255

motion was timely due to equitable tolling," and (2) "whether Humpreys's sentence was proper,

particularly in light of this Court's decision in *United States v. Barnett*, 398 F.3d 516 (6th Cir.

2005)." *See* Certificate of Appealability. During oral arguments, the second issue was waived by

Humphreys's counsel; therefore, we see no need to address it in this instant appeal.

**II**

**A. Standard of Review**

When a habeas corpus petition is denied on the basis of untimeliness, we review *de novo*.

*DiCenzi v. Rose*, 452 F.3d 465, 467 (6th Cir. 2006); *see also United States v. Battles*, 362 F.3d 1195,

1196 (9th Cir. 2004). Moreover, "[t]his Court reviews a district court's decision on the issue of

equitable tolling *de novo* where the facts are undisputed." *Solomon v. United States*, 467 F.3d 928,

932 (6th Cir. 2006). Since Humphreys proceeds *pro se*, "his pleadings are held to a less stringent

standard than those prepared by an attorney"and are liberally construed in his favor. *See Fazzini v.*

*Northeast Ohio Corr. Ctr.*, 473 F.3d 229, 231 (6th Cir. 2006) (internal quotation marks omitted);

*Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004).

**B. Scope of the COA**

As a preliminary matter, we must define the scope of the COA issued by this Court. The

issue before us concerns whether Humphrey's § 2255 petition was timely due to equitable tolling.

28 U.S.C. § 2255(1)–(4) define the beginning of the statute of limitations period, whereas equitable

tolling merely stops the statute of limitations after it begins to run. *See Colwell v. Tanner*, 79 F.

App'x 89, 91 (6th Cir. 2003). However, "[s]ome courts, [including our own,] have referred to these

[§ 2255] sections as providing mechanisms for '[equitable] tolling.'" *Granger v. Hurt*, 90 F. App'x 97, 99 (6th Cir. 2004) (unpublished); *see also Wims v. United States*, 225 F.3d 186, 189-90 (2d Cir. 2000); *Dolphin v. Garraghty*, 27 F. App'x 496 (6th Cir. 2001) (unpublished). Because of this confusion, we have held that the use of the words "[equitable] tolling" in the certificate of appealability does not preclude the consideration of a petitioner's timeliness arguments under the provisions of § 2255.[2] *Granger*, 90 F. App'x 97 at 99. Accordingly, we will not preclude Humphreys's claims that his habeas petition was timely under the provisions of § 2255.

Additionally, since Humphreys—in both his initial petition to the district court and his subsequent appeal for a COA to this Court—requested that the clock be restarted, we will consider his timeliness arguments under § 2255.[3] *See United States v. Morgan*, 244 F.3d 674, 675 (8th Cir. 2001) (holding that "an [appellate] hearing panel [may] exercise its discretion to consider *sua sponte* issues beyond those specified in a certificate of appealability, whether the certificate was issued by a district court or by an administrative panel of [that] court."); *see also Villot v. Varner*, 373 F.3d

---

[2] We note that *Granger* involved a state habeas petition under 28 U.S.C. § 2244. However, the provisions of 28 U.S.C. § 2244(d)(1)(A)-(D) are similar to the provisions of 28 U.S.C. § 2255(1)-(4). In fact, 28 U.S.C. § 2244(d)(1)(A)-(D) are parallel provisions governing habeas relief from state court convictions.

[3] We must highlight that in his initial habeas petition, Humphreys requested that the district court *restart* the one-year statute of limitations since the facts supporting his claims were recently discovered and could not have been previously determined through due diligence. *See* (J.A at 10). Construing this request in favor of Humphreys, it appears that he sought relief under 28 U.S.C. § 2255(4) (commencing the one year statute of limitations on "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence"). Likewise, Humphreys renewed this request in his COA motion. *See* (Request for Certificate of Appealability at 3). While he cited 28 U.S.C. § 2244(d)(1)(D) instead of § 2255(4), under the less stringent standard, his request is well taken.

327, 337 n.13 (3d Cir. 2004) (exercising its discretion to "expand the COA to cover [petitioner's] conflict of interest claim."); *Baker v. Holt*, 178 F. App'x 928, 929 (11th Cir. 2006) (unpublished) (holding that, "we sometimes will look beyond the literal scope of a COA and construe the issue specification in light of the pleadings and other parts of the record." (quotation marks and citation omitted)); *Mack v. Holt*, 62 F. App'x 577, 578 (6th Cir. 2003) (unpublished) (per curium) (noting that this Court, in its initial COA, certified one issue, but subsequently, *sua sponte*, certified one additional issue).

## C. Humphreys's timeliness arguments under § 2255

On appeal, the issue of timeliness under § 2255 was fully brief by both parties. Humphreys argues that his petition was in fact timely under § 2255(2) and (4), and in the alternative, he asserts that his petition was timely under the doctrine of equitable tolling. In particular, and dispositive to this appeal, Humphreys claims that the district court improperly dismissed his petition without considering its timeliness under § 2255(4). The Government contends that Humphreys's petition was untimely under the provisions of § 2255, and that Humphreys is not entitled to equitable tolling.

Under 28 U.S.C. § 2255(4), a petitioner may file for relief within one year from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." Where the district court fails to take into account § 2255(4) when determining the timeliness of a habeas petition, and in turn, fails to consider whether a petitioner was diligent for the purposes of statutory timeliness, this Court has remanded the case to allow the district court to make this determination. *See DiCenzi*, 452 F.3d at 471-72; *see also Hasan v. Galaza*, 254 F.3d 1150, 1154-55 (9th Cir. 2001); *United States v. Battles*, 18 F. App'x 495, 497 (9th Cir. 2001)

(unpublished).

In *DiCenzi*, the petitioner claimed that "he could not have known about his right to a direct appeal [(the basis of his petition)] until he spoke to [a] Public Defender," and thus, pursuant to 28 U.S.C. § 2244(d)(1)(D) (the state equivalent to 28 U.S.C. § 2255(4)), the one-year statute of limitations "should have started only at that time[.]" *DiCenzi*, 452 F.3d at 469. While the petitioner in *DiCenzi* advanced this argument, the district court simply concluded that the statute of limitation began one year after his sentence became final, and because he failed to file within the one year period, his petition was time-barred. *Id*. at 470. In remanding the case, this Court recognized that where a petitioner seeks relief under § 2244(d)(1)(D) on the grounds that the facts supporting his claims are newly discovered:

> [t]he proper task . . . is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.

*Id*. (third alteration in original) (quoting *Wims*, 225 F.3d at 190-91).[4] This Court noted that "[t]he district court never reached the issue of diligence for the purposes of 28 U.S.C. § 2244(d)(1)(D), and thus did not weigh this evidence with regard to the statutory timeliness of [the petitioner's] petition." *Id*. at 471. Therefore, because the district court did not consider § 2244(d)(1)(D) in making its timeliness determination, it was unclear when the one-year clock began ticking. *See id*. This Court

---

[4] *Wims* is a case about the application of 28 U.S.C. § 2255(4). However, this did not prevent this Court from finding *Wims* applicable to its 28 U.S.C. § 2244(d)(1)(D) analysis in *DeCenzi*.

also noted that "[a]s an appellate court, absent factual findings below, we cannot ourselves determine what [petitioner] knew or what a reasonable person in [petitioner's] position might reasonably be expected to do." *Id*. As such, this Court remanded the case to the district court for such determination. *Id*. at 472.

Here, it is undisputed that Humphreys filed his petition after the expiration of the one-year limitation according to § 2255(1) (his conviction became final on December 23, 2002, and Humphreys did not file his petition until May 12, 2004). However, Humphreys specifically asked "that his twelve month deadline be *restarted* or tolled because the evidence he recently discovered through his pending state matter could not have been previously discovered through due diligence." (J.A. at 10) (emphasis added); *see also supra* note 3; *Wims*, 225 F.3d at 190 (noting that § 2255(4) "resets the limitations period's beginning date, moving it from the time when the conviction became final, *see* § 2255(1), to the later date on which the particular claim accrued."). Humphreys explained that after the disposition of his federal case, he was indicted by the state of Tennessee. He stated that his state case was delayed due to his state appointed attorney being called into active duty in Iraq, and upon his return, the delay continued due to his attorney's backlog of cases. According to Humphreys, it was only after he received state related discovery materials (within sixty days before the filing of the instant petition) that he discovered the facts that serve as the basis of his claims.

Like the district court in *DeCenzi*, despite Humphreys's argument that he could not have known about his claims before he received the discovery related to his state case, the district court simply concluded that the petition was time-barred pursuant to § 2255(1) (barring petitions filed after one year of the date on which the petitioner's conviction becomes final) without taking § 2255(4)

into account. The district court did not consider § 2255(4) for the purpose of statutory timeliness, and thus did not reach the issue of whether Humphreys exercised diligence in discovering those facts. *See DeCenzi*, 452 F.3d at 471.

The Government argues that Humphreys's motion was untimely under § 2255(4) because the newly found evidence that form the basis of his claims were too general, did not pertain to his federal case (but only to his state Hobbs Act case), and did not prove his innocence. These arguments are unpersuasive. The issue is not whether Humphreys's claims were too general or if he could prove his actual innocence; rather, the issue is whether Humphreys's petition was timely, and in making this determination, whether the district court properly determined statutory timeliness under § 2255. Here, the record is devoid of any evidence that the district court considered Humphreys's request to *restart* the clock because he recently discovered the facts supporting his claims—a basis to restart the clock under § 2255(4). *See Wims*, 225 F.3d at 190. Furthermore, contrary to the Government's contention, the facts asserted by Humphreys (that his *federal* appointed attorney misrepresented his case, that evidence not available was not disclosed to him, and that his *federal* appointed attorney and the prosecutor colluded in his case) certainly pertain to his federal case.

The district court simply did not take into account § 2255(4), nor did the district court develop a record as to whether Humphreys was diligent for statutory purposes. *See DeCenzi*, 452 F.3d at 470; *Hasan*, 254 F.3d at 1155. Indeed, the district court *may*, *sua sponte*, dismiss a habeas petition as untimely, *see Day v. McDonough*, 547 U.S. 198, 126 S. Ct. 1675, 1684 (2006); however, the petition must, in fact, have been filed after the one-year statute of limitation has expired. Where questions remain about timeliness, we cannot say "'the interests of justice [are] better served' . . .

by [the district court, *sua sponte*,] dismissing the petition as time barred." *Id*. (quoting *Granberry v. Greer*, 481 U.S. 129, 136 (1987)). Here, it is unclear where Humphreys's clock began to tick for each of his claims.

While the district court may ultimately find all sixteen of Humphreys's claims to be untimely, this decision, nonetheless, must be reached after proper consideration of statutory timeliness. Accordingly, we remand for such consideration. On remand, the district court will have the opportunity to consider Humphreys's petition under § 2255(4). Furthermore, "since we[, as an appellate court,] cannot ourselves determine what [Humphreys] knew or what a reasonable person in [Humphreys's] position might have been reasonably expected to do[,]" remand will allow the district court to make this determination. *See DiCenzi*, 452 F.3d at 471-72.

Having found that the district court did not properly determine the statutory timeliness of Humphreys's petition, the district court, on remand, will also have the opportunity to consider his impediment argument under 28 U.S.C. § 2255(2). Likewise, we do not reach the question of equitable tolling because without properly determining the statutory timeliness of a habeas petition, we cannot conduct such review.

## III

For the foregoing reasons, we **VACATE** the district court's dismissal of Humphreys's petition and **REMAND** for further proceedings consistent with this opinion.

**ALICE M. BATCHELDER, dissenting.** I respectfully dissent from the decision to remand to the district court for consideration of the statutory timeliness of Humphreys's 28 U.S.C. § 2255 motion. Humphreys alleges that newly discovered facts relating to his *state* armed business robbery charges somehow undermined his guilty plea to his *federal* armed bank robbery charges. Because Humphreys fails to demonstrate how the newly discovered facts support his § 2255 claims, which arise from his federal convictions, these facts cannot constitute grounds for resetting the statute of limitations under 28 U.S.C. § 2255(4). Moreover, Humphreys failed to present to the district court any basis for finding his petition timely under 28 U.S.C. § 2255(2). It was only in Humphreys's request for a Certificate of Appealability that he asserted facts that could be considered relevant to § 2255(2). Because Humphreys did not present this claim to the district court as a basis for resetting the statute of limitations period, it is not properly before this Court. *See Byrd v. Collins*, 209 F.3d 486, 538-539 (6th Cir. 2000) ("At the outset, we note that Petitioner did not raise this claim in the petition for habeas corpus, and, thus we need not consider it on appeal.").

Accordingly, because Humphreys's § 2255 motion provides no basis for resetting the statute of limitations period, I would affirm the district court's order dismissing the motion on timeliness grounds.